UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LURLINE HOGSETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18 CV 1907 AGF |
| | ) |
| MERCY HOSPITALS EAST | ) |
| COMMUNITIES, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion (ECF No. 7) to dismiss the pro se Plaintiff's complaint for failure to state a claim. For the reasons set forth below, the motion will be denied.

# BACKGROUND

Plaintiff Lurline Hogsett filed this lawsuit, pro se, against Mercy Hospital St. Louis[1] in state court on September 28, 2018. Plaintiff's complaint did not specify the cause of action but contained a narrative description of her claim. Plaintiff stated that she had a "right to sue from EEOC," that she had been harassed and discriminated against at work, that her employer "wanted a white person in [her] position," that her employer "made [her] resign on June 2, 2017," and that a white man replaced her. ECF No. 6.

---

[1] Defendant states that its proper name is Mercy Hospitals East Communities. The correct name will be substituted.

Defendant removed the case to this Court on November 9, 2018, asserting that the only reasonable construction of Plaintiff's complaint was that she was attempting to assert a race discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and thus, the Court had federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1.

Defendant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that Plaintiff failed to exhaust her administrative remedies because she failed to file a charge of discrimination within 300 days of the alleged discriminatory act, as required by Title VII. Defendant attaches to its motion Plaintiff's verified charge filed with the EEOC. The charge contains Plaintiff's signature next to the date June 8, 2019, and it is stamped as "received" by the EEOC on June 12, 2018. In the charge, Plaintiff states that she is an African American above the age of 40, and she asserts claims of race and age[2] discrimination, as well as retaliation. In the section asking for a description of her claim, Plaintiff states that, after being assigned to train a younger white male to perform her duties, "[o]n June 1, 2017, [she] was asked to resign." ECF No. 9-1. Later in the same section, Plaintiff states that "[o]n June 15, 2017, [she] was constructively discharged and replaced by [a younger white male]." ECF No. 9-1.

Defendant argues that because Plaintiff alleges in her complaint that she was forced to resign on June 2, 2017, which is more than 300 days before the June 12, 2018 charge, Plaintiff's Title VII claim is time-barred.

---

[2] Plaintiff's complaint in this lawsuit does not reference her age or contain allegations related to age discrimination.

Plaintiff did not timely respond to Defendant's motion, but after the Court issued on an Order to Show Cause as to why Defendant's motion should not be granted, Plaintiff submitted a response in which she attached an EEOC intake questionnaire that she completed before filing the verified charge referenced above. Plaintiff asserts in her response that the intake questionnaire was "filed within the 300 days" and "[a]ccepted by EEOC[] [w]ithin the time limit." ECF No. 12 at 2. Specifically, Plaintiff suggests in her response that the EEOC received her intake questionnaire on March 27, 2018, and after the EEOC completed its investigation, its mailed a charge back to Plaintiff, which Plaintiff signed and dated on June 8, 2018 and which the EEOC stamped as accepted on June 12, 2018. Plaintiff thus asserts that her claim is timely.

The intake questionnaire attached to Plaintiff's response includes the full names, addresses, and telephone numbers of Plaintiff and Defendant; a description of the alleged unlawful employment practice; the number of employees employed by Defendant; and Plaintiff's employment dates and titles. In response to a question asking for the "Date Quit/Discharged," Plaintiff filled in the date June 15, 2017. She also checked the boxes indicating that she was asserting claims for race and age discrimination, as well as retaliation.

The questionnaire contained an instruction advising complainants that they must file a charge of discrimination within 300 days from the day they knew about the discrimination if they lived in a state where a state agency enforced laws similar to the EEOC's laws, and that if they did not file a charge within the time limits, they would lose their rights. The instruction was followed by two boxes—the first indicating that a

complainant wished to talk to an EEOC employee before deciding whether to file a charge, with the understanding that they could lose their rights if they did not file a charge in time, and the second indicating that the complainant wanted to file a charge of discrimination and authorized the EEOC to look into the alleged discrimination. The instruction stated: "If you want to file a charge, you should check Box 2." ECF No. 12 at 11. Plaintiff checked the second box, indicating that she wanted to file a charge of discrimination. Plaintiff signed the questionnaire on March 27, 2018. *Id.*

In reply, Defendant maintains that Plaintiff did not file a timely charge of discrimination. Defendant argues that the intake questionnaire does not constitute a charge for the purpose of Title VII because it was not verified under oath or affirmation as required by Title VII. In any event, Defendant argues that the questionnaire was not timely filed. Defendant contends that, although the questionnaire appears to have been signed on March 27, 2018, Plaintiff has not pled facts indicating that the questionnaire was filed on that date or any time before the 300-day deadline expired.

Rather, Defendant argues that the questionnaire was filed 301 days after the alleged act of discrimination. In support of this assertion, Defendant attaches documents received from the EEOC through a Freedom of Information Act ("FOIA") request, which Defendant argues demonstrate that the EEOC received Plaintiff's questionnaire via fax on March 30, 2018. These documents include a copy of Plaintiff's intake questionnaire from the EEOC's file, which has a fax header bearing the date "Mar.30.2018"; an EEOC case log referencing Plaintiff and Defendant, stating that the EEOC received an inquiry from Plaintiff on March 30, 2018, and showing no entries before that date; an EEOC

document entitled "Charge Detail Inquiry" referencing Plaintiff and listing as date of initial inquiry as March 30, 2018; and an EEOC Questionnaire Screening Form referencing Plaintiff and indicating next to a "Date received" line, the date March 30, 2018. Defendant argues that March 30, 2018 is 301 days after the date on which Plaintiff alleged she resigned, June 2, 2017, and therefore, even if the questionnaire could be considered a charge, it was untimely.

## **DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

A "pro se complaint must be liberally construed," meaning that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). However, pro se plaintiffs "still must allege sufficient facts to support the claims advanced," and a district court is not required to "assume facts that are not

alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15.

When considering a motion to dismiss under Rule 12(b)(6), a court may consider material attached to the complaint and materials that are public records, do not contradict the complaint, or are necessarily embraced by the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Court concludes that it may consider Plaintiff's verified charge filed with the EEOC, her intake questionnaire, and the matters submitted by Defendant as these documents are public records and materials embraced by the pleadings. *See, e.g., Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (holding in an employment discrimination case that a court may consider, on a motion to dismiss, the administrative charge attached as an exhibit in support of the defendant's motion to dismiss, because the charge is a public record).

**<u>Title VII Claims</u>**

As an initial matter, the Court agrees with Defendant that, although Plaintiff's pro se complaint does not specify a cause of action, its reference to the EEOC charge together with the allegations of discrimination may be reasonably construed to assert a claim under Title VII, and thus, to invoke the Court's federal question jurisdiction. *See, e.g., Meyer v. Choice Hotels Int'l, Inc.*, No. 4:07-CV-915JCH, 2007 WL 1725293, at *1 (E.D. Mo. June 12, 2007) ("In the context of employment discrimination, a complaint containing factual allegations of discrimination with an EEOC right-to-sue letter attached to it alleges a claim under Title VII."). Notably, Plaintiff does not dispute that she is asserting a Title VII claim, and she has not contested the Court's jurisdiction.

Title VII requires that before a plaintiff can bring a suit in court claiming unlawful discrimination or retaliation, she must file a timely charge with the EEOC or the appropriate state or local agency. 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-10 (2002). "In Missouri, this obligation must be discharged within 300 days of the [adverse employment action]." *Brooks v. Midwest Heart Group*, 655 F.3d 796, 800 (8th Cir. 2011).

In arguing that the intake questionnaire does not constitute a charge because it was not verified under oath, Defendant fails to consider the Supreme Court's decision in *Edelman v. Lynchburg College*, 535 U.S. 106 (2002). In *Edelman*, the Supreme Court upheld an EEOC regulation, 29 C.F.R. § 1601.12(b), which allows a technically flawed charge of discrimination to be perfected by later amendment. 535 U.S. at 118-19. Thus, even if the intake questionnaire here was unverified, Plaintiff cured any deficiency in the exhaustion requirements by later amendment, in the form of the verified charge received by the EEOC on June 12, 2018. *See, e.g.*, *Rush v. State Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017) ("[E]ven if the lack of an initial verified charge would have indicated lack of exhaustion, the documents Rush supplied with her objections, including a copy of the verified charge mailed on July 28 and received by the EEOC on July 30, plus the Notice of Right to Sue, indicate she has cured any deficiency in the exhaustion requirements.").[3]

---

[3]  Defendant does not challenge the status of the intake questionnaire as a charge of discrimination based on its substantive contents. In any event, other courts to consider the issue have held that substantively similar intake questionnaires meet the statutory requirements of a charge under Title VII, for exhaustion purposes. *See, e.g.*, *Patillo v. Sysco Foods of Ark., LLC*, No. 4:16CV00722 JLH, 2018 WL 2465770, at *5 (E.D. Ark.

Turning, then, to whether the intake questionnaire was timely filed, Defendant has not established that this issue can be resolved on Defendant's motion to dismiss. Defendant relies entirely on documents attached to its reply brief, to which Plaintiff has not had an opportunity to respond. The Court is not generally inclined to address arguments raised for the first time in a reply brief. *See Valentine v. Midland Funding, LLC*, No. 4:16 CV 1520 CDP, 2016 WL 7439215, at *2 (E.D. Mo. Dec. 27, 2016).

In any event, the Court cannot say at this stage that the documents attached to Defendant's reply brief conclusively establish that the intake questionnaire was untimely filed. *See, e.g., Ries*, 2010 WL 3515722, at *6 (holding that documents that an employer obtained from a FOIA request, including the readout from a fax machine with a date header on top, did not conclusively establish that the EEOC first received the questionnaire on that date). Further, there appears to be a question of fact as to the date of the alleged adverse employment action, as the complaint and the documents submitted to the EEOC reference several different dates in June of 2017. If Plaintiff was constructively discharged on June 15, 2017, as she alleges in some places in the documents, there no question that her intake questionnaire was timely filed, as the March 30, 2018 date referenced by Defendant is less than 300 days later.

## **CONCLUSION**

Accordingly,

---

June 1, 2018); *Ries v. Winona Cty.*, No. CIV 10-1715 JNE/JJK, 2010 WL 3515722, at *6 (D. Minn. July 28, 2010), *report and recommendation adopted*, No. CIV 10-1715 JNE/JJK, 2010 WL 3515716 (D. Minn. Aug. 31, 2010).

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED**. ECF No. 7.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to correct Defendant's name on the docket, to Mercy Hospitals East Communities.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2019.